IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| WILLIAM NORKUNAS, Individually, | Civil Action No. 1:10-cv-0095 |
|---|---|
| Plaintiff, | |
| v. | MOTION TO FILE CERTAIN MATERIALS UNDER SEAL |
| HP HOSPITALITY, LLC, A Limited Liability Company, | (Local Civil Rule No. 6.1) |
| Defendant. | |

Defendant HP HOSPITALITY, LLC, a North Carolina limited liability company, by and through its undersigned attorney, pursuant to Local Rule 6.1, hereby brings this consent motion for an order permitting defendant to file certain materials under seal, as follows:

1. Defendant is prepared to file a motion for summary judgment, based on release language in a document entitled Settlement Agreement and Mutual Release (the "Agreement"), executed by plaintiff and defendant therein in the case Norkunas v. V & S Hospitality, Inc., Case No. 1:09-cv-00372, Western District of North Carolina.

2. In support of this motion, defendant will file, <u>inter alia</u>, the Agreement, a Memorandum in Support of Motion for Summary Judgment (the "Memorandum"), and the Affidavit of Hites M. Patel in Support of Motion for Summary Judgment (the "Patel Affidavit"). Mr. Patel is a member and manager of defendant. In defendant's motion, defendant will argue that this action is barred by the Agreement because plaintiff released all possible claims against V & S Hospitality, Inc., and its related companies and affiliates, and defendant is an affiliate and related company of V & S Hospitality.

3. Defendant will address the issues specified in Local Rule 6.1(c) as follows:

(1) <u>A non-confidential description of the material sought to be sealed:</u>

The Agreement contains recitals, settlement terms, a mutual release paragraph, a confidentiality provision, and other provisions. The Memorandum will quote from the release paragraph, a paragraph concerning governing law, and possibly other provisions in the Agreement. Defendant's Operating Agreement includes provisions regarding the internal operations of Defendant LLC, including those relating to managers' powers and liabilities, rights and obligations of members, meetings, contributions to the company, capital accounts, and disbursements to managers, etc. The Assignment of LLC Membership Interest includes the terms and conditions of one individual assigning his membership

interest in defendant LLC to another. The Stock Gift agreement contains the terms and conditions of a gift of stock interest from one owner of V & S Hospitality to another, including the value of the interest. The Patel Affidavit will describe and include the above-mentioned three documents and others which reflect the confidential and personal financial information of individuals and an entity which are not parties to this action, along with internal financial and business information of defendant LLC.

>  (2) <u>A statement as to why sealing is necessary and why there are no alternatives to filing under seal</u>:

The Agreement is subject to a confidentiality paragraph, and plaintiff's attorney does not consent to its filing unless it is filed under seal. The Memorandum will quote from portions of the Agreement, and plaintiff's attorney will not consent to its disclosure of any of the specific language of the Agreement unless it is filed under seal. The Patel Affidavit will describe and include documents which reflect the confidential and personal financial information of individuals and an entitty which are not parties to this action, along with internal financial and business information of defendant LLC. This is particularly true of defendant's Operating Agreement, the Assignment of LLC Membership Interest, and the Stock Gift Agreement.

(3) <u>Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing</u>:

Permanent sealing is sought, in order to avoid the court and the parties having to revisit the issue upon the termination of this action.

(4) <u>Supporting statutes, case law or other authority</u>:

Authority and procedure for an order permitting a party to file materials under seal are found in the case of <u>Media General Operations, Inc. v. Buchanan,</u> 417 F.3d 424 (4th Cir. 2005), in which the Fourth Circuit stated as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. <u>Washington Post,</u> 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." <u>Goetz,</u> 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving public access to some of the documents or releasing a redacted version of the documents which are the subject of the . . . motion to seal. <u>Goetz,</u> 886 F.2d at 66.

In this case, it does not appear that there would be much widespread public interest in the contents of the materials sought to be sealed, or substantial reasons why the materials should not be filed under seal.

4. The undersigned has met and conferred with plaintiff's attorney, Pete M. Monismith regarding this motion. In an email dated October 1, 2010, Mr. Monismith indicated that he would not consent to the filing of the Agreement without sealing it, and that he would not consent to the filing of any motion which mentions specific language contained in the agreement, based on the confidentiality clause in the Agreement. The undersigned then asked Mr. Monismith whether he would consent to a motion to file under seal the following:

  a. The Memorandum, on the basis that it will include language from the Settlement Agreement and Mutual Release in plaintiff's case against V & S Hospitality;

  b. The Agreement and Mutual Release; and

  c. The Patel Affidavit, including the operating agreement of HP Hospitality, the assignment of interest regarding HP Hospitality, and the Stock Gift agreement regarding V& S Hospitality, based on the fact that the documents contain personal financial information.

Mr. Monismith stated that he consents to such a motion.

In conclusion, defendant requests this court to enter an order permitting plaintiff to file the following materials under seal:

1. The Settlement Agreement and Mutual Release (the "Agreement"), executed by plaintiff and defendant therein in the case <u>Norkunas v. V & S Hospitality, Inc</u>., Case No. 1:09-cv-00372, Western District of North Carolina.

2. Defendant's Memorandum in Support of Motion for Summary Judgment, and the

3. Affidavit of Hites M. Patel in Support of Motion for Summary Judgment, including Operating Agreement of defendant, a document entitled "Assignment of LLC Membership Interest", and a "Stock Gift" agreement relating to V & S Hospitality, Inc.

Respectfully submitted, this the 5th day of October, 2010.

**DIEPENBROCK LAW OFFICE, P.A.**

/s/ J. Thomas Diepenbrock
J. Thomas Diepenbrock (NC Bar #34936)
7 Orchard Street, Suite 200
Asheville, NC 28801
Telephone (828) 252-7478
Facsimile (828) 259-9465
tom@diepenbrocklaw.com

Attorney for Defendant HP Hospitality, LLC.

# CERTIFICATE OF SERVICE

I certify that the foregoing **MOTION TO FILE CERTAIN MATERIALS UNDER SEAL** was served on the parties listed below by electronic filing with the Clerk's ECF filing system, which automatically provides notice to all attorneys of record, this the 5th day of October, 2010.

**DIEPENBROCK LAW OFFICE, P.A.**

/s/ J. Thomas Diepenbrock
J. Thomas Diepenbrock (NC Bar #34936)

Attorney for Defendant HP Hospitality, LLC.

SERVED ON:

Sabrina Winters, Attorney at Law, PLLC
15720 John J. Delaney Drive, Suite 300
Charlotte, NC 28277
swinters@sabrinawinterslaw.com

Pete Monismith, Attorney
Thomas B. Bacon, P.A.
1710 Quarry Lane
Apollo, PA 15613
monismith@thomasbaconlaw.com

Attorneys for Plaintiff