IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv95

| | |
|---|---|
| WILLIAM NORKUNAS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| HP HOSPITALITY, LLC, a Limited ) | |
| Liability Company, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment (#21). The theory of such motion is that because plaintiff released V & S Hospitality, LLC, in another action brought under the Americans with Disabilities Act (hereinafter "ADA"), that release operates as a bar to this ADA action against HP Hospitality, LLC, because V & S Hospitality, LLC, and HP Hospitality, LLC, are affiliated or related companies. As discussed below, however, defendant has failed to satisfy its initial burden under Rule 56 of showing that these two separate legal entities are either affiliated or related as a matter of law, inasmuch as common membership in separate corporations does not amount to a prima facie showing that the companies are either related or affiliated.

**FINDINGS AND CONCLUSIONS**

## I. Background

While the facts surrounding plaintiff's ADA claim against this defendant are not in dispute for purposes of this motion, the court will briefly summarize plaintiff's contentions for the limited purpose of providing context to the instant motion.

Plaintiff is a resident of Jefferson, North Carolina, and is a self-described ADA tester, traveling throughout North Carolina to determine whether places of public accommodation are ADA compliant. Complaint (hereinafter "Cmpl."), at ¶ 1. To date, plaintiff has filed nine ADA cases in the Western District of North Carolina.[1] In an earlier action, Norkunas v. V & S Hospitality, LLC, 1:09cv371 (W.D.N.C. 2009), plaintiff alleged that the *Best Western of Asheville - Biltmore East* hotel operated by such defendant was non-compliant with the ADA. A settlement outside of court was reached by the parties to that action and the case was dismissed May 16, 2010. On May 7, 2010, plaintiff filed this action and alleged that the *Days Inn Biltmore East*, owned by HP Hospitality, LLC, is also non compliant with the requirements of the ADA.

Relevant to the pending motion, defendant has submitted the release executed by the parties in Norkunas v. V & S Hospitality, LLC, supra. Defendant argues that this action cannot be maintained because plaintiff agreed to "'discharge[] and release[]

---

[1] According to a search of the ECF docket of the Western District of North Carolina run on 11/9/2010.

in full the other Party and'" its "'affiliates, [and] related parties.'" Defendant's Memorandum in Support (#22), at 4 (quoting the Mutual Release provision of the Settlement Agreement). Defendant goes on to argue that:

> [b]ecause the Patel family members own and manage both V & S Hospitality and HP Hospitality, there is an extremely close relationship and connection between the two entities. To summarize, Motibhai M. Patel (along with his wife Kusum Patel) is an owner of V & S Hospitality, and Motibhai Patel is an owner of HP Hospitality, and Hites M. Patel is an owner in both V & S Hospitality and HP Hospitality; Hites M. Patel is an officer of V & S Hospitality and is Manager of HP Hospitality; and the remaining owners and members of HP Hospitality, LLC are family members of both Motisbhai [*sic*] Patel and Hites M. Patel. In addition, V & S Hospitality and HP Hospitality use the same accountant – Sharon Gordon of Carolina Accountants, the same general counsel, David W. Cartner, of Cartner & Cartner Law Firm, P.A., and both entities employ the same general manager – Hites M. Patel, and the same assistant manager – Nirali Patel, the wife of Hites M. Patel. Hites M. Patel and Nirali Patel are each on the payroll of both entities. (Patel Aff., ¶ 7)

Id., at 6-7.[2]

## II.   Applicable Standard

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

---

[2] Defendant also details the refinancing of both hotels and points to the fact that the closings on such loans were conducted simultaneously as further evidence of the close connection between the two properties and such properties' owners. Id., at 7.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues

themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

## III. Discussion

Defendant has moved for summary judgment on its affirmative defense of release. There is no dispute that the settlement agreement amounts to a contract between the parties to that agreement and that, as the parties therein agreed, the language of such agreement should be interpreted in accordance with North Carolina law. Under North Carolina law,

> [w]hen the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court[,] and the court cannot look beyond the terms of the contract to determine the intentions of the parties.

Piedmont Bank & Trust Co. v. Stevenson, 79 N.C.App. 236, 240 (internal citations omitted), aff'd per curiam, 317 N.C. 330 (1986). Thus, '[i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be

construed to mean what on its face it purports to mean." Hartford Accident & Indemnity. Co. v. Hood, 226 N.C. 706, 710 (1946) (internal citations omitted).

The court has carefully considered the litany of cases cited by defendant concerning the impact of a general release of all claims, and finds no fault with such decisions. Those cases, however, do not answer the basic question which defendant's Motion for Summary Judgment asks, which is whether there is a sufficient relationship between the parties to the settlement agreement and the parties to this action to make the mutual release applicable herein. While a number of the cases cited deal with whether the plaintiff knew of the later-asserted claims when he executed the settlement agreement, that does not appear to be an issue herein inasmuch as it is undisputed that plaintiff tested the hotel at issue in this case several months before executing the settlement agreement in Norkunas v. V & S Hospitality, LLC, supra.

Thus, the issue comes down to whether defendant has satisfied its initial burden of showing that HP Hospitality, LLC is a company "affiliated or related to" V &S Hospitality, LLC. As what constitutes an "affiliated" entity is not defined in the settlement agreement, the court has reviewed North Carolina law for a definition. In Glenn v. Wagner, 313 N.C. 450 (1985), the North Carolina Supreme Court held, as follows:

> The Court of Appeals, in its opinion, correctly recognized that the relationship between B-Bom and D & S was that of affiliated corporations, that is, corporations in which the controlling interest in both is owned by the same person or persons.

Id., at 455-56. The evidence submitted by defendant in support of its motion shows the following:

(1) the controlling interest in V & S Hospitality, LLC, is held by Motibhai M. Patel and his spouse Kusum M. Patel, who own 70 percent of the stock, see Hites M. Patel Affidavit, at ¶ 4;

(2) the controlling interest in HP Hospitality, LLC, is held by a number of individuals, with Motibhai M. Patel owning only 30 percent of the stock and Kusum M. Patel apparently owning none.

Id., at ¶ 6. Thus, defendant has not presented evidence that HP Hospitality, LLC, is an affiliated company with V & S Hospitality, LLC, as "affiliated corporations" has been defined by the North Carolina Supreme Court. Indeed, the evidence presented is antithetical to defendant's motion.

The court has also considered whether defendant has shown that there is no genuine issue of material fact as to whether HP Hospitality, LLC, is a corporation "related to" V & S Hospitality, LLC. Again, the settlement agreement contains no definition of "related to" and the court will rely on North Carolina law to provide a definition. While the case from which such definition is derived is both dated and

bears little relationship to the case before this court, the definition is instructive as it is the only definition the court could find:

> when that individual or group having such control of a corporation likewise has similar control of one or more affiliated and related corporations (as in the instant case), these corporations-using the plain, natural and ordinarily-accepted meanings of the words -are said to be "controlled by the same interests."

Unemployment Compensation Commission v. City Ice & Coal Co., 216 N.C. 6, 3 S.E.2d 290, 292 (1939). Thus, it appears that "affiliated" and "related to" are synonymous, and that defendant's evidence is equally antithetical to its Motion for Summary Judgment based on the term "related to."

Finally, the court has considered defendant's argument that the terms of the settlement agreement are sufficiently broad to include the claim at issue herein. In reviewing such arguments, the court considered the opinion of the North Carolina Court of Appeals in Stevens v. Dorenda, 66 N.C.App. 322 (1984), a decision that was not cited by the respective parties, but which addressed a nearly identical issue. The undersigned will quote at length from that decision, as it is most instructive:

> Significantly, the agreement, on its face, omits this action. Since the inclusion of this action in the agreement would "vary, add to, or contradict" the written agreement, parol evidence would only be admissible to explain or construe any ambiguous terms. *Vestal v. Vestal*, 49 N.C.App. 263, 266-67, 271 S.E.2d 306, 309 (1980); *see generally Annot.*, 40 A.L.R.3d 1384 (1971). "A statement is ambiguous if it is susceptible of more than one meaning." *Lineberry v. Lineberry*, 59 N.C.App. 204, 206, 296 S.E.2d 332, 333 (1982). Dorenda perceives

ambiguity in the language of the introductory clauses: "certain disputes and lawsuits ... including the following," and "the aforesaid disputes and lawsuits ...." Dorenda asserts that the above language fails to exclude this action from the terms of the agreement. We disagree.

We apply a long-recognized rule of construction in concluding that the agreement unambiguously excluded this action.

> If the apparent inconsistency is between a clause that is general and broadly inclusive in character and one that is more limited and specific in its coverage, the latter should generally be held to operate as a modification and *pro tanto* nullification of the former.

3 A. Corbin, Corbin on Contracts § 547, at 176-78 & n. 19 (1960); *see also Wood-Hopkins Contracting Co. v. N.C. State Ports Auth.*, 284 N.C. 732, 202 S.E.2d 473 (1974). Here, the broad language of "certain disputes ... including the following" is modified by the list of named lawsuits. The listed lawsuits become the only subject matter of the agreement. Under our view, the phrase "the aforesaid disputes and lawsuits ..." refers directly to the listed lawsuits. Further, the terms of paragraphs 1-11 and the final matching list of dismissed lawsuits in paragraph 12, by omitting any reference to this action, support our interpretation.

The unambiguous language of the settlement agreement precluded the admission of parol evidence. We hold that the trial court's admission of parol evidence constituted reversible error. Moreover, "when a contract is plain and unambiguous the construction of the agreement is a matter of law for the court." *East Coast Dev. Co. v. Alderman-250 Corp.*, 30 N.C.App. 598, 605, 228 S.E.2d 72, 78 (1976). In construing the settlement agreement, the trial court should have found it irrelevant to this action, No. 80CVD23, and excluded it from evidence, since the agreement would be likely to mislead the jury or prejudice Stevens. *See* 1 H. Brandis, North Carolina Evidence § 77, at 285-86 (2d rev. ed. 1982). Therefore, the trial court's failure to exclude the settlement agreement is also reversible error.

***

Id., 324-25. Review of the settlement agreement proffered by defendant in support of its motion for summary judgment likewise contains a specific provision citing by

case number the action between plaintiff and V &S Hospitality, LLC, see (#23-1), at ¶ B, designating such to be the "Action," id., and thereinafter provided that "[u]pon execution of this Agreement, plaintiff shall file a Dismissal, with prejudice, of the Action." Id., at ¶ 3. While the Motion for Summary Judgment will be denied because defendant has not made its initial showing under Rule 56 that it is a corporation "affiliated or related to" V & S Hospitality, LLC, the court commends Stevens to respective counsel for further consideration as they prepare for trial of this matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#21) is **DENIED**.

Signed: November 29, 2010

Dennis L. Howell
United States Magistrate Judge